## THE PEOPLE *v.* AH PING.

ENTERING HOUSE WITH INTENT TO STEAL.—The mere fact that one person is with another who enters a dwelling house and steals therefrom, and sees him steal without interference on his part to prevent it, does not render him guilty of the crime of maliciously entering a dwelling house in the daytime with intent to steal property therein, nor will the proof of such facts cast on him the burden of proving himself innocent.

APPEAL from the County Court, Sierra County.

The facts upon which the charge recited in the opinion of the Court was based were as follows:

Fellows and O'Farrell, two miners, who occupied a cabin, hired a Chinaman on a Sunday during their absence to watch their cabin, and placed him in the bushes about fifty feet from the same. The watchman saw Ah You and Ah Ping enter the cabin, and came up and found them inside putting flour and other articles of food into two sacks. Ah You took the

sacks and carried them off. Ah Ping did not carry anything away, but went with Ah You. Ah You plead guilty, and was used as a witness by Ah Ping on his trial. He testified that he alone committed the offense, and that Ah Ping was innocent and was a stranger to him, whom he had accidentally met.

Defendant was convicted, and appealed.

The other facts are stated in the opinion of the Court.

*Van Clief & Gear,* and *J. M. Haven,* for Appellant, referred to Wood's Digest, 329; Wheaton's Am. Crim. Law, 120; Russell on Crimes, 27; 4 Black. 34; and Barb. Crim. Law, 283.

*J. G. McCullough, Attorney-General,* for the People, referred to Wood's Digest, p. 290, §255; Id. p. 329, §11.

By the Court, Shafter, J.

Ah Ping, the appellant, was indicted jointly with Ah You under the Act of 1864 (Acts 1864, p. 104) for maliciously entering a certain dwelling house with intent to steal certain personal property therein. The question for the jury was the alleged breaking into the house with the intent charged. The Court charged, amongst other things, that " it is not necessary, to hold the defendant guilty of the offense charged against him in the indictment, that he be proved positively to have stolen something. If it be proved that he was with the one who did steal as charged in the indictment, and saw him steal without interference on defendant's part to prevent it, upon the defendant will then devolve the labor of proving himself innocent; otherwise he would be held guilty as an accessory. An accessory is an aider and abettor, and our statutes treat him as a principal, and subject to the same rules of law. An accessory is one who stands by and aids and abets and assists, or who counsels and advises the perpetration of a crime." This instruction is erroneous. The definition of the term " accessory " is correctly given, (Wood's Dig. 329, Sec. 11,)

but it cannot be said that the facts, enumerated in the charge, would establish the guilt of the accused by legal conclusion. The appellant may have been in the house with one who was, himself, there, with felonious intent; he may have seen the latter in the act of committing a felony and have made no attempt to interfere, and still be entirely innocent. These facts, if found, would not necessarily have established the defendant's guilt, nor, what amounts to the same thing, would they have " devolved upon him the labor of proving himself innocent." If the facts, put hypothetically, were found, their effect would not be a question of law, to be passed upon by the Court, but of fact, to be determined by the jury. The charge was erroneous in other particulars, but the error already remarked upon requires that the judgment should be set aside.

Judgment reversed and new trial ordered.