[Crim. No. 3655. First Dist., Div. Two. Nov. 24, 1959.]

THE PEOPLE, Respondent, v. MACKIE HICKS, Appellant.

Herbert Donaldson, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Joseph I. Kelly, Deputy Attorney General, for Respondent.

DRAPER, J.—After trial without jury defendant was found guilty of burglary in the second degree. He appeals, asserting only that the evidence is insufficient to support the judgment.

At about 4 o'clock a.m. a cab driver saw an automobile stop in front of a market. He could identify the driver of the car only as "a colored person," who remained behind the wheel. One Booker left the car, took the tail gate from a truck parked nearby, used it to smash the front window of the market, placed the tail gate in the car, and was driven away. The cab driver followed, took the license number of the car and telephoned police. Some 15 minutes later the cab driver returned to the market, saw the same car and saw appellant and Booker, both Negroes, in custody of police. The arresting officers testified that as they approached the market they saw the car, with only its parking lights on, being driven slowly back and forth in front of the market. Appellant was the driver and was arrested in the car. Booker was arrested inside the market, in the act of taking some whiskey from a shelf. Three shopping bags containing cigarettes and whiskey were on the sidewalk in front of the market.

Booker was jointly charged with appellant, but pleaded guilty. He testified that another, not appellant, drove him to the market at the time Booker broke the window. These two then left, and Booker loaned the car to appellant with instructions to pick him up later at the market. Booker returned to the market and was stealing from it when appellant arrived, followed shortly by the police. According to this evidence, which was substantially corroborated by appellant's testimony, appellant had no knowledge of the criminal purpose or acts of Booker. However, there were conflicts between the stories of Booker and appellant, and other inconsistencies, particularly as regards the time element, in the testimony of each.

The well-established rule requires an appellate court to resolve all conflicts in the evidence, and to draw all reasonable inferences, in favor of the judgment. It is only when the evidence, so viewed, is insufficient to sustain the finding of the trier of the facts that reversal upon this ground is warranted.

It is completely apparent that the trial judge could reasonably conclude that appellant knowingly participated in the burglary. The fact that he was driving Booker's car slowly back and forth at a late hour in front of the closed

market, with dimmed lights, warrants the inference that he knew of Booker's actions and was present to afford Booker quick escape with his loot.

Appellant's reliance upon *People* v. *Draper*, 69 Cal.App.2d 781 [160 P.2d 80], is misplaced. The only evidence against that Draper was that he was found 50-75 feet away from a burglarized service station some time after the burglary had first been discovered by the police. The dissimilarity on the facts is apparent. *People* v. *Ah Ping*, 27 Cal. 489, cited by appellant, deals only with the propriety of a jury instruction.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.