[Crim. No. 783.   Fourth Dist.   June 15, 1953.]

THE PEOPLE, Respondent, v. MORRIS GENTRY,
Appellant.

Thomas Whelan for Appellant.

Edmund G. Brown, Attorney General, and Norman F. Sokolow, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This defendant appeals from a judgment on conviction of possession of narcotics, and from an order denying his motion for a new trial.

At 1:20 a. m. on August 24, 1952, two police officers were traveling south in a police car. As they approached a certain street intersection they saw a car parked at the northeast corner of the intersection, headed west. As they neared the intersection the other car started up and proceeded west on the cross street. As the officers followed, they saw a small package leave the right side of the other car, at about car-window height, and land about 10 feet from the line of travel of the other car. The officers stopped and picked up the package and then went after the other car and stopped it a block or so away. There were four men in the other car, Hurst, Diehl, Chavez and the appellant. The appellant was seated on the right side of the rear seat and the other three were in the front seat. The right rear window of that car was completely lowered and the window of the right front door was lowered about 4 inches. As the officers and men stood about the car Hurst said, in the presence of the appellant, "They found the stuff. We will get time out of this sure." He testified that what he had said was, "If there is anything in this car we will get time," and that this remark was made to Diehl. On cross-examination, he said that his statement was made to anyone who was there and not to any particular person.

The package which was thrown from the car contained four "bindles" of morphine. At the jail Hurst, Diehl and the appellant denied any knowledge of the package and each stated that he knew of none being thrown from the car and that if one was thrown he had nothing to do with it. When the appellant was asked as to what they were doing parked at the point where the officers first saw the car, he replied that he did not know, that they were just sitting in the car. Needle marks were found on the arms of Hurst, Diehl and the appellant. The appellant had a number of old needle marks on his left arm and others on his right arm, one of which appeared to be fresh. Some of the marks on the arms of Hurst and Diehl were fresh marks. An expert testified as to the method of applying such narcotics with a needle, saying that

it was usually mixed with water and heated. A table model lighter was found in the car. When asked about the old marks on his left arm the appellant said he had not "used" that arm for quite some time. When asked about the fresh mark on his right arm, the appellant said: "Well, I haven't been using very much." Hurst testified in his own behalf but neither Diehl nor the appellant took the witness stand.

Chavez pleaded guilty and was committed to the Youth Authority. The other three were jointly charged and tried, and all three were found guilty. The appellant was also charged with a prior conviction, which he admitted. His probation on the prior conviction was revoked and he was sentenced to prison on this charge and on the prior conviction, the sentences to run concurrently.

Appellant's main contention is that the evidence is not sufficient to support the verdict and judgment. He relies on *People* v. *Foster*, [1]115 Cal.App.2d 866 [253 P.2d 50], arguing that mere presence at the scene of the crime, standing alone, is not sufficient to justify a finding of guilt; that nothing of an incriminatory nature here appears against him outside of his mere presence in this automobile; and that knowledge of any narcotic substance on his part cannot be inferred from the mere fact that he denied that he knew anything about the package being thrown from the car.

While mere presence at the scene of the crime, standing alone, is not sufficient to sustain a finding of guilt, and while actual knowledge of the presence of narcotic substance is essential in such a case as this, the surrounding facts and circumstances may be sufficient to establish the essential facts of knowledge, and physical or constructive possession. (*People* v. *Foster*, 115 Cal.App.2d 866 [253 P.2d 50]; *People* v. *Torres*, 98 Cal.App.2d 189 [219 P.2d 480].)

In the instant case, it is clearly established that this narcotic came from this car and a table model lighter, which would not ordinarily be found in a car, was there. The appellant had puncture marks on both arms, some fresher than others, and one appearing to be a fresh mark. He admitted that he was "using" such a narcotic. The right rear window of the car, beside which the appellant was sitting, was fully opened and the package appeared to come from about window height. The right front window was only open about 4 inches and with three men in the front seat and the difficulty of movement it is much less likely that the package was thrown from the front window. The appellant made no denial when

the incriminatory statement was made by Hurst at the scene of the arrest. While he later denied to the officers that he knew anything about a package being thrown from the car he did not take the stand or make any such denial under oath. If he did not do the throwing himself he was in the best position, sitting alone at the right side of the rear seat, to observe who did the throwing. The automobile in which the appellant was riding had been parked and on the approach of the police car it was started in motion and the package was thrown out when it had gone about a block, and when it must have been observed that a police car was following. The appellant failed to give any reasonable explanation of what he and his companions were doing while they were parked at the location where they were first seen by the officers. The evidence, with the reasonable inferences therefrom, is sufficient to support the verdict.

The appellant further contends that the court erred in denying his motion for a separate trial, that the deputy district attorney was guilty of prejudicial misconduct, and that the court erred in denying his motion to quash and set aside the information on the ground that no probable cause was shown. The record does not support any of these contentions and it would serve no useful purpose to set forth and analyze the facts relating thereto.

The judgment and order are affirmed.

Griffin, J., and Mussell, J., concurred.