[Crim. No. 1354.   Fourth Dist.   June 18, 1958.]

THE PEOPLE, Respondent, v. LOUIS ANTHONY
ROMERO, Appellant.

Harold D. Cornell, under appointment by the District Court
of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was charged with
and convicted by a jury of the crime of possession of a nar-
cotic (heroin) in violation of section 11500 of the Health and
Safety Code. A prior conviction of a felony (burglary) was
admitted. Defendant appeals from the judgment, contending
unlawful search and seizure, and that the evidence was not
sufficient to establish a joint possession of the narcotic when
it was found in the immediate possession of a codefendant.

The evidence shows the police had received information
from a confidential informant regarding prostitution activities
at a certain residence in San Diego occupied by one Judy
Scott, the defendant, and his wife. The testimony was that
this informant was known to the officers and had previously

given them accurate information regarding such general morals violators and such information had proved to be accurate.

On the evening of September 27th the police had the house under surveillance. One Smith drove up the alley behind the home. He was stopped by the officers and inquiry was made of his mission. He said he was going to see "Judy" and "the girls that she furnishes"; that he had telephoned her earlier and was told to come over. By arrangement with Smith they entered the house with him. Judy invited Smith in and the officers went in with him, without objection. There they saw defendant with hypodermic needle marks on his arm. The pupils of his eyes were constricted, and an eye dropper and bulb were removed from his exposed shirt pocket. A further search of his person was made. One officer asked Judy to empty her pockets on the table. Articles such as a match folder containing a bindle of brown powder substance, as well as a piece of folded tissue paper, were found on the floor near her. There was also a rubber contraceptive with brown powder inside of it. The contents of both containers were later identified as heroin. Cotton and hypodermic needles were taken from her pocket. The dropper in defendant's pocket, on chemical analysis, proved to have evidence of heroin (an opium alkaloid). Subsequent examination by a doctor indicates that defendant was under the influence of narcotics at the time.

Defendant admitted to the officers he had previously and on that evening used narcotics and repeated these statements at the trial. He claimed he was an unwelcome guest at that home, had paid Judy approximately $46 during his stay there, but said he had no knowledge that the money paid was to be used for heroin for their joint use; that he knew of a kit or outfit that was being used and that Judy and his wife produced the heroin whenever it was used but he did not know where it was kept; that as to the bulb dropper found in his pocket, it was being used by him for medication of his cat's irritated ears, although Judy used it for narcotics.

█ Exclusive possession need not be shown where several parties are charged with possession of the same contraband. █ The question as to whether defendant had joint possession and control of the narcotics was properly left for the determination of the jury under adequate instructions. The evidence was sufficient to support the finding against defendant's claim. █ Numerous cases have recognized that con-

structive possession of a narcotic constitutes a violation of section 11500, supra. (*People* v. *White,* 50 Cal.2d 428, 431 [325 P.2d 985] ; *People* v. *Rodrigues,* 25 Cal.App.2d 393, 394 [77 P.2d 503] ; *People* v. *Graves,* 84 Cal.App.2d 531 [191 P.2d 32] ; *People* v. *Van Valkenburg,* 111 Cal.App.2d 337, 340 [244 P.2d 750].)

The entry of the premises showed at least a passive invitation to the officers to enter the home, and probable cause for the search was sufficiently established. (*People* v. *Simon,* 45 Cal.2d 645, 648 [290 P.2d 531] ; *People* v. *Brown,* 45 Cal.2d 640, 642 [290 P.2d 528] ; *People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535].)

Upon the application of defendant for the appointment of an attorney, the same attorney who represented him at the trial was appointed to represent him on appeal. From his report, in lieu of an opening brief, he recites his familiarity with the evidence and law of the case, that in his opinion there were no errors of law committed by the trial court constituting prejudicial error, and that the evidence supports the verdict. From an examination of the entire record, we are in accord with this conclusion.

Judgment affirmed.

Mussell, J., and McCabe, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.