[Crim. No. 1359.   Fourth Dist.   July 17, 1958.]

THE PEOPLE, Respondent, v. BALTAZAR R. FLORES,
Appellant.

Al Matthews for Appellant.

Edmund G. Brown, Attorney General, and Joe J. Yasaki,
Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant-appellant was convicted by a
jury of violating section 11500 of the Health and Safety Code
(possession of narcotics) on July 4, 1957.  He admitted a
prior conviction of said section in Riverside County.  A motion
for new trial was denied and he was sentenced to San Quentin
prison.

Defendant lived in a nine-room house belonging to him and

his sister, at 943 H Street in Brawley. On that day nine officers, armed with a search warrant, surrounded the home and on a call, all entered at different doors. As the captain entered the living room he saw the defendant run from there through the doorway to the dining room and kitchen and toward the bathroom. Another officer met defendant there and he was placed under arrest. The search warrant was shown to him and a search of the house followed. In the bathroom, under the tub and behind a 2 by 4 casing was found a penny match box. A photograph of it was taken while in that general position. It contained four pieces of paper folded to form packets. One proved to be a marijuana cigarette and the rest heroin. It was then shown to defendant and he was asked if he knew how it got there and what it contained. Defendant replied he did not know unless the police had placed it there. The paper used to form the bindles in the match box was apparently torn from a writing pad found in a dresser drawer in the bedroom which defendant and his wife customarily occupied. Defendant's wife, sister and three children were in the home at the time of the search. Defendant and the two women were arrested. Defendant then told the officers: ''I am the one you want; don't take my wife and children; let them alone.'' (Defendant, at the time of trial, denied this conversation.) He said that was all that was in the house and the car was ''clean.'' Defendant claimed the writing pad found by the officers was purchased by him in January, 1957, and he used it to keep track of his restaurant business transactions, and his wife and sister used it to keep a grocery list and to write letters. He claimed that he, his wife and family and his sister did not move into these premises until February, 1957, and before that time it was occupied by defendant's brother-in-law, Reyes, who testified that sometime between April and May 24th, 1957, he purchased one marijuana cigarette and about one spoonful of heroin from a street peddler whose name he did not know; that he cut some paper from the writing pad and wrapped the heroin in it, placed it with the marijuana in the match box, under the bathtub; that he took part of it with him when he left but he did not tell defendant about leaving the remainder under the tub; and that he served 100 days in jail in Fresno as a user.

Defendant's wife testified she swept the bathroom floor daily and did not notice the presence of the match box and

that she and her husband customarily slept in the bedroom where the writing paper tablet was found. The defendant, his wife and the sister testified they had no knowledge concerning the match box or its contents. The two women were subsequently released after their arrest.

The officers testified that lint and other dirt was found under the bathtub and there was no evidence that it had been swept for some time, and that the match box was not dusty.

The main claim on this appeal is that the evidence was insufficient to show knowledge of possession of the match box and its contents on the part of the defendant. ■ It is true that a conviction for possession of narcotics requires proof of knowledge of the presence of the object as embraced within the concept of "physical control with the intent to exercise such control." (*People* v. *Gory*, 28 Cal.2d 450, 455 [170 P.2d 433].) Knowledge, however, may be inferred from all the surrounding facts and circumstances. (*People* v. *Torres*, 98 Cal.App.2d 189 [219 P.2d 480]; *People* v. *Gentry*, 118 Cal. App.2d 501, 503 [257 P.2d 1012].)

■ In the present case the surrounding facts and circumstances clearly permitted the fair and reasonable inference that the defendant had knowledge of the presence of the match box containing the narcotics under the bathtub. Apparently the jury disbelieved Reyes's testimony, or believed that defendant and Reyes had joint control and knowledge of its presence. (*People* v. *Romero*, 161 Cal.App.2d 404 [327 P.2d 205].)

Some complaint is made about the admission of the photograph in evidence as indicating that the match box was found near the bathtub and not behind some 2 by 4 casing under it. We see no merit to this claim since its placement was sufficiently explained to the jury.

Judgment and order denying a new trial affirmed.

Mussell, Acting P. J., and McCabe, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 10, 1958.

*Assigned by Chairman of Judicial Council.