[Crim. No. 2994. Fourth Dist., Div. One. Sept. 10, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. DONATO ANGELO CIRILLI et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Appellant.

Robert H. Green and Michael P. Gerbosi for Defendants and Respondents.

WHELAN, J.—The People appeal from an order granting defendants' motion to dismiss under Penal Code, section 995.

The information charged the three defendants, Donato Angelo Cirilli (Cirilli), Jim Ray Rosa (Jim Rosa) and Robert Wayne Rosa (Robert Rosa) with possession and transportation of marijuana.

## FACTS

At 2:07 a.m. on September 7, 1967, Tray L. Sirks, a police officer for the City of Orange, observed a 1958 Ford with a white right rear tail-light traveling 46 miles per hour in a 25-mile zone; after clocking the speed, stopped the vehicle; Cirilli was behind the wheel, Robert Rosa in the right front seat, Jim Rosa in the left rear seat, and a female passenger in the right rear seat.

Sirks informed Cirilli of the defective tail-light and that he had violated the speed law; asked Cirilli for his driver's license and for the vehicle registration; was told by Cirilli he had borrowed the car from a girl friend; Cirilli was unable to locate the registration. Sirks then obtained from the three passengers their identifications and walked back to his vehicle where he met a fellow officer, Tichauer, who came upon the scene and to whom Sirks gave the names of the occupants and the license number of the stopped vehicle. Tichauer radioed the station for a record check of the four subjects and of the vehicle.

While standing approximately 15 feet to the rear of defendants' vehicle, Sirks observed Jim Rosa (seated behind the driver) push himself into an upright position, as if standing, for eight to ten seconds, then sit down and bend forward out of sight for several seconds, then sit back up and lean to his right across the female passenger and finally return to a normal sitting position.

The officers reapproached the Ford. Cirilli was asked if he would mind stepping from the vehicle; Cirilli alighted, was asked by Sirks if they could search the vehicle for contraband such as narcotics, weapons or alcohol; stated, "Go ahead and search the car all you want." Sirks then asked the other three occupants to step to the back of the vehicle, which they did.

Officer Tichauer searched under the driver's seat. There he found a small package, approximately 3½ inches long, covered with plastic type material, with masking tape wrapped around it. The officers opened the package and found it contained four marijuana cigarettes. The four subjects were

placed under arrest and transported to the station, where Sirks wrote and gave to Cirilli a traffic citation for the alleged Vehicle Code violations. Defendants' clothing was taken from them at the jail. Marijuana fragments were found in the pockets of all three defendants.

The result of the checking of the vehicle registration showed it was not registered in the name of the person from whom Cirilli said he had borrowed it.

## QUESTIONS PRESENTED

*Was there prima facie evidence of a consent to search the vehicle?*

Yes. As in *People* v. *Michael,* 45 Cal.2d 751 [290 P.2d 852], none of the defendants testified at the preliminary hearing. As stated in *People* v. *Burke,* 47 Cal.2d 45, 49 [301 P.2d 241], a holding that as a matter of law the defendant acted because of an unlawful assertion of authority by the officers would be unjustified. (See also *People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855].)

While Cirilli was not informed by the police that he might refuse consent to a search of the car, no rule has been laid down that the voluntariness of the consent depends upon the giving of such information. It has been held that the asking of a question whether a search might be made carries with it the implication that consent may be refused. (*People* v. *Chaddock,* 249 Cal.App.2d 483, 485-486 [57 Cal.Rptr. 582].)

The Supreme Court of the United States recently passed upon the voluntariness of consent that was not given in response to any request to search but appeared to have been a conditioned reaction to an assertion by officers that they held a search warrant. (*Bumper* v. *North Carolina,* 391 U.S. 543 [20 L.Ed.2d 797, 88 S.Ct. 1788].) In *Bumper,* the court said, at page 1792 [20 L.Ed.2d at p. 803]:

''When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion—albeit colorably lawful coercion. Where there is coercion there cannot be consent.''

Thus presented with an opportunity to declare a broad rule of exclusion of evidence seized under a purported consent to search, unless the person consenting has first been informed that consent may be refused, the court made no such declaration.

Two decisions of the U. S. Circuit Court of Appeals, Ninth

Circuit, have discussed matters to be considered in passing upon the voluntariness of a voiced consent to search: *Schoepflin* v. *United States,* 391 F.2d 390; and *Cipres* v. *United States,* 343 F.2d 95.

It may be noted at the outset that both of those appeals were from judgments of conviction following trials in which the respective defendants testified, and where even in the testimony of the officers there were elements that suggested reluctance at the very least to have the searches made.[1]

In *Schoepflin,* the reviewing court said, at page 398: "[T]he trial court determination that there had been an effective waiver cannot stand unless there is implicit therein a finding of fact that, under the described circumstances, the words used by Smith reflected (1) an understanding, (2) uncoerced, and (3) unequivocal election to grant the officers a license which (4) Smith knew may be freely and effectively withheld."

In its discussion that court mentioned the right to be secure from unreasonable searches and seizures as the constitutional right the waiver of which was in question.

That what is involved is the reasonableness of the search was recognized in *Cipres,* where the court said, at page 98: "The crucial question is whether the citizen truly consented to the search, not whether it was reasonable for the officers to suppose that he did." We have doubt that the quoted statement is or should be the law. ▆ The reasonableness of a belief that consent has freely been given is the very matter at issue, but it is an objective reasonableness as viewed by the court, not the subjective opinion of the officer that it was reasonable to believe consent had been given.

▆ On the face of the record before us there was evidence from which the committing magistrate might find that the apparent consent uttered by Cirilli was voluntary, and that it could reasonably and in good faith be accepted and acted upon as voluntary, and the basis for a reasonable search.

There was no evidence to the contrary except the fact that

---

[1] In *Cipres* v. *United States,* 343 F.2d 95, 97, it is said: "Cipres denied consenting to the search. She testified that the officers accosted her and inquired about the contents of the bags. She asked if they had a search warrant, but they simply proceeded to open the bags." In *Cipres,* also, the officers testified: "They asked if they could search the bags. She answered, 'Yes, I have nothing to hide,' but added that she had left the keys in New York City." In *Schoepflin* v. *United States,* 391 F.2d 390, 399, it is said: "Smith testified that he said: 'I can't stop you, go ahead,' thereby indicating lack of knowledge."

the request for permission to search was made by a police officer who was one of two at the scene.

*Was the evidence actually received sufficient for the purpose of committing defendants for trial?*

Yes.　■　The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence and nature of the narcotic substance. (*People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433].)　■　The possession may be joint. (*People* v. *Rodriguez,* 181 Cal.App.2d 34, 37 [4 Cal.Rptr. 877] ; *People* v. *Romero,* 161 Cal.App.2d 404 [327 P.2d 205] ; *Rideout* v. *Superior Court,* 67 Cal.2d 471 [62 Cal. Rptr. 581, 432 P.2d 197].) Such joint possession does not require that the narcotic be on the person of any of the joint possessors. Thus it may have been found in a vehicle in which the joint possessors have been riding, and need not have been in that part of the vehicle in which one of them is seated. (*People* v. *Torres,* 98 Cal.App.2d 189 [219 P.2d 480] ; *People* v. *Roberts,* 228 Cal.App.2d 722 [39 Cal.Rptr. 843].)

■　Possession of a narcotic, including knowledge of its narcotic character, may be established by circumstantial evidence. (*People* v. *Groom,* 60 Cal.2d 694 [36 Cal.Rptr. 327, 388 P.2d 359] ; *People* v. *Garcia,* 248 Cal.App.2d 284 [56 Cal.Rptr. 217].)　■　Evidence as to possession of the debris permitted an inference of knowledge of the narcotic character of the cigarette. (*People* v. *Hokuf,* 245 Cal.App.2d 394 [53 Cal.Rptr. 828].)

Among other circumstances that might be considered were the movements of Jim Rosa in the rear seat, in the making of which he might have thrust the package forward under the front seat, and the presence of cigarettes just equal in number to the number of persons in the car.

■　In considering the propriety of a motion to set aside an information pursuant to section 995, Penal Code, the reviewing court may not substitute its judgment as to the weight of the evidence for that of the committing magistrate. If there is some evidence in support of the information, the court will not inquire into the sufficiency thereof. The reviewing court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated. (*People* v. *Reed,* 190 Cal.App.2d 344, 353 [11 Cal.Rptr. 780].)

■　Although the magistrate, in reaching his decision, may weigh the evidence, resolve conflicts, and give or with-

hold credence to witnesses, such a balancing of the evidence is not within the powers of a tribunal reviewing the magistrate's order. (*Perry* v. *Superior Court,* 57 Cal.2d 276, 283-284 [19 Cal.Rptr. 1, 368 P.2d 529].)

■ Defendants, in their brief on appeal, as they did in the magistrate's court, argued that the fragments of marijuana found in the pockets of the clothing of each of them found entrance there from the hands of the arresting officers in searching the defendants' persons after the police had handled the marijuana cigarettes.

While it may perhaps be inferred that the arresting officers searched the persons of defendants after their arrest, there is no direct evidence to that effect. The evidence in the record indicates that it was the police chemist who found the fragments in the pockets of the clothing and removed them.

At any rate, that argument was one properly to be made in the magistrate's court, and his determination thereon is binding in this review.

The holdings in cases cited by defendants are not conclusive of the issue before us.

*People* v. *Gory, supra,* 28 Cal.2d 450, is apposite in its requirement that no conviction may be had without a finding that the defendant had knowledge of the presence of, and of the narcotic nature of, the contraband, and that the jury be so instructed.

*People* v. *Bartlett,* 199 Cal.App.2d 173 [18 Cal.Rptr. 480], seems little to the point, having to do with the question whether a grand jury might take judicial notice of the contents of a certain permit.

■ *People* v. *Antista,* 129 Cal.App.2d 47 [276 P.2d 177], was an appeal from a trial on the merits, in which proof beyond a reasonable doubt is required. It is clear from the rule cited above that such is not true with regard to an order committing a defendant for trial.

■ Under the rules applicable in the review of such an order, the admissible evidence before the committing magistrate was such as to justify in the mind of a man of ordinary caution and prudence a reasonable suspicion that the defendants had participated in the public offense that clearly was committed by someone.

The order appealed from is reversed.

· Coughlin, Acting P. J., and Lazar, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.