[Crim. No. 3521. Fourth Dist., Div. One. Aug. 19, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. DANIEL JOHN STARK, Defendant and Appellant.

Classen Gramm, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Elizabeth Miller and Lawrence K. Keethe, Deputy Attorneys General, for Plaintiff and Respondent.

AULT, J. pro tem.*—In an information filed by the District Attorney of San Diego County, appellant was jointly charged with defendant Raney with violation of Health and Safety Code section 11530 (possession of marijuana). Both appellant and Raney pleaded not guilty and their motion to suppress evidence under Penal Code section 1538.5 was denied. By stipulation the case was submitted to the trial court on the transcript of the preliminary hearing with each side reserving the right to offer additional evidence. After reading the transcript of the preliminary hearing and listening to additional evidence presented by both the prosecution and the defendants, the trial court found appellant and Raney guilty. Imposition of sentence was suspended for three years and appellant was granted probation on various terms and conditions. Stark appeals from the judgment (order granting probation).

### Contentions on Appeal

1) The consent to search the car in which appellant was riding at the time of his arrest was invalid because no warning was given by the police officer of the right to refuse permission to search.

2) The evidence is insufficient as a matter of law to support the conviction.

### Statement of Facts

At approximately 8 p.m. on May 23, 1968, Officer Lindstrom noticed a 1958 Ford automobile traveling on Garnet Street in the City of San Diego. The automobile had a large cardboard sign approximately 9 inches by 12 inches illegally displayed in the right hand corner of the windshield. When the officer

---

*Assigned by the Chairman of the Judicial Council.

turned and followed the car he also noticed it was making a loud exhaust noise. After stopping the car, he observed three people in the front seat. Raney, appellant's co-defendant, was driving; Kathy, a girl 16 years old, was in the middle, and appellant was seated to her right.

Officer Lindstrom walked to the side of the car to obtain the driver's license. In the back seat of the car he noticed many items including a fire extinguisher, an electric drill, numerous other tools, boxes and papers. The interior of the car was very dirty. The officer asked for and obtained identification from all three occupants. All appeared very nervous, particularly the girl who was shaking like a leaf when she handed the officer her identification. Raney produced an out-of-state driver's license, and the officer was not satisfied with the girl's identification. He asked all three occupants to get out of the car.

When questioned concerning ownership of the car, Raney stated it belonged to his girl friend, Roberta Peterson, and that he had been using it for two or three weeks with her permission. Further conversation between Officer Lindstrom and the three occupants of the car continued for about five minutes when another police unit arrived on the scene. At this point Officer Lindstrom asked for and received permission to search the car from Raney.[1] He did not advise Raney he had the right to refuse to consent to the search.

A plastic bag containing approximately 12 grams of marijuana was found under the right front seat of the car. The plastic bag was clean and dust free in contrast to other items in the car which were dirty and covered with dust. Officer Lindstrom noticed a "roach clip" attached to a necklace worn by appellant; later, when the officer looked again, the clip was missing. The following day at the jail, debris taken from appellant's pockets contained particles of marijuana.

■ The rule is now established in California that warning of the right to refuse permission to search is not a requirement to obtaining a valid and effective consent to search. (*People v. Superior Court,* 71 Cal.2d 265, 270-271 [78 Cal.Rptr. 210, 455 P.2d 146]; *People v. Linke,* 265 Cal.App.2d

[1]There is no conflict in the evidence on this feature of the case. Appellant did not testify at either the preliminary hearing or the trial. Co-defendant Raney testified at the preliminary hearing as follows: "A. He [Officer Lindstrom] asked if I would mind if he looked through the car. Q. What did you say? A. Well, I thought about it for a few seconds, maybe 15 or 20, and said 'Well, I guess it is all right. Q. Now —— A. With a 'Sure' after that. 'Well, I guess it is all right,' and as an afterthought, 'sure'."

297, 314 [71 Cal.Rptr. 371]; *People* v. *Bustamonte,* 270 Cal.App.2d 648, 652-653 [76 Cal.Rptr. 17]; *People* v. *Davis,* 265 Cal.App.2d 341, 347 [71 Cal.Rptr. 242]; *People* v. *Cirilli,* 265 Cal.App.2d 607, 610 [71 Cal.Rptr. 604]; *People* v. *MacIntosh,* 264 Cal.App.2d 701, 705-706 [70 Cal.Rptr. 667]; *People* v. *Richardson,* 258 Cal.App.2d 23, 31 [65 Cal. Rptr. 487]; *People* v. *Dahlke,* 257 Cal.App.2d 82, 87 [64 Cal. Rptr. 599]; *People* v. *Campuzano,* 254 Cal.App.2d 52, 57 [61 Cal.Rptr. 695]; *People* v. *Chaddock,* 249 Cal.App.2d 483, 485 [57 Cal.Rptr. 582]; *People* v. *Roberts,* 246 Cal.App.2d 715, 729 [55 Cal.Rptr. 62].) The failure to give such warning is, however, a factor which may be taken into consideration in the circumstances of a given case in determining whether a free consent was actually given. (*People* v. *Superior Court, supra,* 71 Cal.2d 265, 270-271; *People* v. *Roberts, supra,* 246 Cal.App.2d 715, 729.)

■ Whether in a particular case an apparent consent was in fact voluntarily given or was in submission to an express or implied assertion of authority, is a question of fact to be determined in the light of all the circumstances. (*People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852]; *Castaneda* v. *Superior Court,* 59 Cal.2d 439, 442 [30 Cal.Rptr. 1, 380 P.2d 641]; *People* v. *Linke, supra,* 265 Cal.App.2d 297, 310-311 [71 Cal.Rptr. 371].) ■ Where substantial evidence supports the trial court's finding a voluntary consent has been given, a reviewing court must accept that finding. (*People* v. *Bilderbach,* 62 Cal.2d 757, 762-763 [44 Cal.Rptr. 313, 401 P.2d 921]; *People* v. *Roberts, supra,* 246 Cal.App.2d 715, 727; *People* v. *Linke, supra,* 265 Cal.App.2d 297, 311.)

In the instant case the trial judge who ruled on the motion to suppress evidence made written findings of fact and conclusions of law. While he found that Raney had not been advised of his right not to consent to the search, he also specifically found that Raney voluntarily gave his consent to the search.

■ Substantial evidence supports the trial court's finding Raney's consent to search the car was freely and voluntarily given.

(1) The words with which he gave consent were clear, unequivocal and undisputed.

(2) The record demonstrates that Raney's consent to search the car was intelligently given with an understanding he had the right to withhold it. When his counsel asked him what his understanding of his right with respect to the re-

quest to search was, he replied; "Well, I was under the impression that he had to have a search warrant if he was to search the car without my consent and I also felt that if I didn't give my consent, that it was quite possible if he wanted to that he could just say 'O.K., come with me and we'll get a search warrant.' " Raney may not have known the procedure with respect to search warrants, but his answer indicates he knew he had the right to refuse to consent to the search without one.

(3) There is nothing to indicate the consent to search resulted from submission to police authority. Neither Raney nor the other occupants of the car were under arrest at the time the request was made. They had been stopped for a minor traffic violation on a busy thoroughfare at 8 p.m. in the evening. There is nothing in the atmosphere surrounding the incident which smacks of police coercion. One who has something to hide from the police will always face a dilemma when consent to search is requested. If he consents to the search, that which he seeks to hide will likely be discovered; if he refuses permission, he risks increasing the suspicion he wants to dispel. That he must choose between the devil and the deep is of his own making, and the compulsion to consent prompted by this circumstance is not the kind of coercion which renders an apparent consent ineffective. (See *Gorman* v. *United States,* 380 F.2d 158, 165.)

▉ Appellant's contention the evidence is insufficient as a matter of law to support his conviction is likewise without merit. It is sufficient to point out the packet containing 12 grams of marijuana was found under that portion of the seat upon which he had been sitting; the packet was clean and dust free whereas the other items in the car were dirty and covered with dust; at one time he was seen to have a "roach clip" fastened to his necklace, but later disposed of it; debris taken from his pockets contained particles of marijuana. There is substantial evidence to support the implied finding of the trial court that appellant had knowledge of the presence of the marijuana in the automobile, he exercised dominion and control over it, and had knowledge of its narcotic character. (*People* v. *Showers,* 68 Cal.2d 639, 642-644 [68 Cal. Rptr. 459, 440 P.2d 939].)

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 15, 1969.