Filed 11/9/15  P. v. Carter CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JANEL MARIE CARTER,<br><br>    Defendant and Appellant. | F068479<br><br>(Super. Ct. Nos.<br>VCF271588A/VCF287052)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J. and Peña, J.

Appellant Janel Marie Carter pled no contest in case No. VCF271588A to second degree robbery (count 1/Pen. Code, § 211),[1] transportation of methamphetamine (count 6/Health & Saf. Code, § 11379, subd. (a)), and possession for sale of a controlled substance (count 7/Health & Saf. Code, § 11378), and she admitted an allegation in count 1 that a principal was armed during the commission of the offense charged in that count (§ 12022, subd. (a)(1)). In case No. VCF287052, Carter pled no contest to transportation of methamphetamine (count 1), and driving with a suspended license with a prior conviction (count 2/Veh. Code, § 14601.1, subd. (a)), and she admitted a prior conviction enhancement in count 1 (Health & Saf. Code, § 11370.2, subd. (c)) and allegations that she had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On appeal, Carter contends the court abused its discretion when it found that she violated her probation in case No. VCF271588A and sentenced her to prison. We affirm.

**FACTS**

On August 7, 2012, Carter drove Joshua Ashmun and Barry Dantzler to a liquor store in Visalia, California and waited outside while the men entered the store and used a rifle to rob the clerk. Shortly after the robbery, officers conducted a traffic stop on a car driven by Carter with Ashmun and Dantzler as passengers. A record check disclosed that Carter was unlicensed. Officers searched Carter's purse and found a scale and three baggies containing methamphetamine (case No. VCF271588A).

On August 9, 2012, the district attorney filed an information in case No. VCF271588A charging Carter with the three counts and enhancement she pled to in that case.

On August 29, 2012, Carter entered her plea in case No. VCF271588A in exchange for an indicated sentence of felony probation with a suspended seven-year

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2.

prison term, conditioned on Carter serving a year in local custody. The court also released her from custody.

On October 3, 2012, the court sentenced Carter to the aggravated term of five years on her robbery conviction, a one-year arming enhancement in that count, a consecutive one-year on her transportation conviction, and no time on her possession for sale conviction. The court then suspended execution of sentence, placed Carter on probation for five years, and ordered her to serve a year in local custody on her transportation of methamphetamine conviction.

On August 5, 2013, the probation department filed a certificate and affidavit alleging Carter violated her probation by failing to report to the probation officer, report to probation accounting services, report a change of address, abstain from the use of drugs and narcotics, and register as a narcotics offender. On August 6, 2013, the court issued a warrant for Carter's arrest.

On August 13, 2013, a police officer arrested Carter during a traffic stop in which a scale and several packages containing a total of 2.7 grams of methamphetamine were found in the car she was driving (case No. VCF287052).

Around September 9, 2013, the district attorney filed an information in case No. VCF287052 charging Carter with the counts and the other allegations she pled to in that case and a second prior conviction enhancement in count 1.

At a hearing on October 25, 2013, the court allowed the prosecutor, over a defense objection, to proceed on a violation of probation based on Carter's failure to obey all laws. Visalia Police Officer Michael Lombardo then testified that on August 13, 2013, at approximately 2:45 p.m., as he observed Carter driving a car with a passenger in the front seat, Carter reached over, grabbed her seatbelt, and put it on. Officer Lombardo got behind Carter and pulled her over. As Officer Lombardo contacted Carter, her passenger got out of the car and walked into a house.

3.

After checking with dispatch and determining that Carter's license had been suspended and that she had outstanding warrants totaling $75,000, Officer Lombardo handcuffed Carter and put her in the back of his patrol car. He then searched her car and "on the floorboard of the center console" he found a plastic baggie and a digital scale. The two items were within arm's reach of Carter and in plain view of someone sitting in the driver's seat. Officer Lombardo picked the items up. As he walked toward his patrol car, Carter began screaming that the items were not hers. Upon opening the plastic baggie, Officer Lombardo saw three individual packages containing a white crystalline substance that was subsequently determined to be methamphetamine.

Officer Lombardo went to the house where the male passenger entered and knocked on the door. A man who answered the door told the officer that he did not know the man who entered the house and that the man had exited out the back door.

After the prosecution rested, the defense attempted to call Alan Atchison, but he was not present. The parties then agreed that the court could consider Atchison's preliminary hearing testimony. According to his testimony, Atchison was the passenger in the car when Carter was pulled over by Officer Lombardo and he had methamphetamine in the car with him. However, he did not tell Carter that he brought the methamphetamine into the car. When the car was pulled over, Atchison got out of the car, entered a nearby residence, and disappeared out the back door.

In finding that Carter violated her probation in case No. VCF271588A by failing to obey all laws, the court stated:

> "…The Court does not find [Atchison's] testimony credible. [¶] Because if he brought the methamphetamine with him in the car and if he decided to abscond from the police knowing that he had brought the methamphetamine with him, [it] stands to reason that he would have reached, grabbed it, and taken it with him if he intended to run and he intended to not be there when the police made contact with Ms. Carter. [¶] So I do not find his testimony to be credible or reliable. I believe that he

4.

came in to testify to, in a sense, throw himself on the sword in an effort to protect Ms. Carter."

Carter then entered her plea in case No. VCF287052 in exchange for the court's agreement to strike her strike conviction and impose a sentence that would run concurrent to the seven-year term the court imposed in case No. VCF271588A.

On November 22, 2013, the court sentenced Carter to an aggregate seven-year term in case No. VCF271588A, and to a concurrent, aggregate six-year term in case No. VCF287052 after striking her strike conviction in that case.

## DISCUSSION

Carter contends that although the court believed that if Atchison owned the methamphetamine found in her car, he would have taken it with him when he fled, it was "more credible and reasonable" that he left without taking the incriminating evidence. Thus, according to Carter, because Atchison's testimony provided ample evidence that she was unaware of the presence of the methamphetamine in her car, the court's finding that Carter violated her probation must be reversed because it was arbitrary, capricious and exceeded the bounds of reason. We reject these contentions.

> "A court may revoke probation 'if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation ....' (§ 1203.2, subd. (a).) 'As the language of section 1203.2 would suggest, the determination whether to ... revoke probation is largely discretionary.' [Citation.] '[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence.'" (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982.)

We uphold the trial court's conclusion if it was supported by any substantial evidence. (*People v. Johnson* (1980) 26 Cal.3d 557, 576-578.)

The record supports the court's finding that Carter violated her probation by her failure to obey all laws, because it was undisputed that Carter was driving while her driving privilege was suspended when Officer Lombardo pulled her over. The record

also supports a finding that she failed to obey all laws by possessing and transporting methamphetamine.

> "'The essential elements of the offense of unlawful possession of a controlled substance are actual or constructive possession in an amount sufficient to be used as a controlled substance with knowledge of its presence and its nature as a controlled substance.... [¶] Actual or constructive possession is the right to exercise dominion and control over the contraband or the right to exercise dominion and control over the place where it is found. [Citation.] Exclusive possession is not necessary.'" (*People v. Busch* (2010) 187 Cal.App.4th 150, 161.)

> "…The possession may be joint. [Citations.] Such joint possession does not require that the narcotic be on the person of any of the joint possessors. Thus it may have been found in a vehicle in which the joint possessors have been riding, and need not have been in that part of the vehicle in which one of them is seated." (*People v. Cirilli* (1968) 265 Cal.App.2d 607, 612.)

In *People v. Williams* (1971) 5 Cal.3d 211 (*Williams*), a police officer contacted the defendant who was seated alone in a car on the passenger's side of the front seat with a benzadrene tablet on the floor by his feet. The Supreme Court found that, "sufficient circumstantial evidence existed from which the court could infer that defendant had dominion and control over, and knowledge of the presence of, the single tablet found in plain sight on the floor in front of the seat where he was sitting." (*Id*. at p. 215.) The court, however, found the evidence insufficient to sustain the defendant's conviction for possession of a controlled substance because there was insufficient evidence from which it could be inferred that the defendant was aware of the narcotic character of the pill. (*Ibid*.)

Here, Carter was the driver of the car in which the methamphetamine was found in plain view, within arm's length of Carter. The court could reasonably find from these circumstances that Carter was in actual or constructive possession of the methamphetamine because she exercised dominion and control over the methamphetamine and the car. Further, the court could infer from the discovery of the

6.

scale with the methamphetamine, Carter's prior conviction for transporting methamphetamine, and her reaction to Officer Lombardo removing the methamphetamine and scale from her car, that Carter was aware the substance in the three packages was methamphetamine. Thus, the record supports the court's implicit conclusion that Carter possessed the methamphetamine found in the car.

Moreover, when Carter was arrested in case No. VCF287052, "[t]ransportation of a controlled substance [in violation of Health and Safety Code section 11379] [was] established by [simply] carrying or conveying a usable quantity of a controlled substance with knowledge of its presence and illegal character." [2] (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1746.) The court could also conclude from the circumstances discussed above, that Carter transported the methamphetamine.

Atchison's testimony did not establish that Carter was unaware of the presence of the methamphetamine in her car because he testified only that he took methamphetamine into the car, that he did not tell Carter that he did, and that he fled when the car was stopped. Atchison did not describe the amount or packaging of the methamphetamine. Nor did he testify that he took it off his person and left it in the car or to any facts from which it can be inferred that the methamphetamine found in the car was the same methamphetamine he allegedly had in his possession.

In her reply brief, Carter appears to contend that the methamphetamine was not in plain view because Officer Lombardo testified that he found it in a console, which, according to Carter, is "a small storage cabinet in between bucket seats in an automobile." However, it does not follow from the discovery of the methamphetamine

---

**2** Effective January 1, 2014, an amendment to Health and Safety Code section 11379, added an additional requirement that the transportation be for the purpose of sale. (Stats. 2013, ch. 504, § 2, p. 4151.) Although not discussed by the parties, we find that the court could reasonably have found that Carter transported the methamphetamine for the purpose of sale based on the scale and the number of packages of methamphetamine found in the car she was driving.

inside the console that it was not in plain view because even if the console came equipped with a cover, it may have been open or missing when the officer looked inside the car. Therefore, since substantial evidence supports the court's finding that Carter violated the condition of probation requiring her to obey all laws, the court did not abuse its discretion when it revoked her probation and sentenced her to prison.

***Carter's Abstract of Judgment***

Respondent contends the minute order in case No. VCF287052 for Carter's November 22, 2013 sentencing hearing (under the heading, "COURT FINDS OFFENSE TO BE:") and her abstract of judgment erroneously reference a second prior conviction enhancement in case No. VCF287052 because she admitted only one prior conviction in that case. Respondent also contends that the minute orders in case No. VCF271588A for the hearing on October 3, 2012, and November 22, 2013, and Carter's abstract of judgment erroneously list her conviction for robbery in case No. VCF271588A, as a conviction for attempted second degree robbery. We agree and we will direct the trial court to correct these errors.

## DISPOSITION

The trial court is directed to issue the following: (1) an amended abstract of judgment that does not contain any reference to a second prior conviction enhancement in case No. VCF287052 and which indicates that in case No. VCF271588A she was convicted of second degree robbery; (2) an amended minute order in case No. VCF287052 for Carter's November 22, 2013, sentencing hearing that does not contain any reference to a second prior conviction enhancement and which indicates that in case No. VCF271588A Carter was convicted of second degree robbery; and (3) amended minute orders in case No. VCF271588A for her October 3, 2012 and November 22, 2013, hearings which indicate Carter was convicted of second degree robbery in that case. The trial court is further directed to forward a certified copy of the corrected

8.

amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.