[Crim. No. 2633. First Dist., Div. One. Feb. 15, 1950.]

THE PEOPLE, Respondent, v. CHARLES E. WATKINS, Appellant.

J. Maxwell Peyser for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Francis Mayer, Assistant District Attorney, for Respondent.

THE COURT.—Defendant Charles E. Watkins was charged jointly with Troy Carson with a violation of section 11500 of the Health and Safety Code (Deering's Health & Saf. Code, 1949 Supp.), alleged to have been committed by the transporting of marihuana. Carson entered a plea of guilty and was sentenced to imprisonment in the county jail for one year. Watkins was tried without a jury, convicted and also sentenced to one year imprisonment in the county jail.

On this appeal defendant attacks the sufficiency of the evidence to support the judgment. Two other points—(a) that the burden of proof as to the defendant's guilt was upon the People and (b) that a motion for a dismissal made at the close of the prosecution's case should have been granted, based solely upon the sufficiency of the evidence,—may be considered under the first point presented.

Two plain clothes officers, Casciani and Duveneck, of the San Francisco Police Department were driving a car, not marked as a police car, eastward on Folsom Street in San Francisco about 12:30 a. m. on April 22, 1949, when a tan Lincoln sedan driven by defendant Watkins passed, traveling in the same direction. In passing, the passenger in the sedan, Troy Carson, was observed looking into the police automobile. Watkins made a right turn at the next intersection into Ninth Street and picked up speed. The police car followed and as the car driven by Watkins continued to increase its speed the police officers turned on the red light and siren. Carson was observed leaning toward Watkins, the motor "raced considerably," Watkins leaned toward Carson, then Carson "went back against the door" and an object was thrown from the right window of the automobile. The automobile stopped at the next corner, Ninth and Harrison Streets. Watkins and Carson got out of the car in which they had been riding and on being questioned by the officers denied that anything had been thrown from the automobile. One of the officers walked back and picked up a paper bag which, as stipulated during the trial, contained marihuana. A stranger, Charles Johnson, approached the group and talked to Casciani, out of earshot of Watkins and Carson. Officer Casciani's testimony in this

connection was as follows: "THE COURT: Both Troy Carson and this defendant denied throwing the bag out of the window of the car, is that correct, Officer? A. Yes, they denied that, Your Honor. . . . So while we were conversing with the two defendants another man approached by the name of Charles Johnson and I went up and talked to him, which was out of conversation earshot of the two defendants. Q. When you returned what happened? A. When I returned I said to Officer Duveneck, 'This fellow here says that there may be a second bag because the one he saw go out of the car went a little farther up the street.' So Bill [Duveneck] said, 'I'll go look for it.' . . . And when I said that to Officer Duveneck he started off to look for the bag and Troy Carson said, 'It's no use looking for the other bag,—there was only one,' and the defendant Watkins leaned over against Carson—they were both sitting in the rear seat of our automobile—and he clenched his fist and started swinging at him and said, 'What did you have to say that for?' So we had to hold them apart. And then I had a conversation with Carson. Q. In the presence of the defendant? A. Yes, and Carson said he bought the marihuana at Ellis and Fillmore and said he paid $12.50 for the bag and then he went across the street and bought a packet of brown cigarette papers, and then he met the defendant Watkins; and Watkins said that he had no knowledge that Carson had any paper bag or any marihuana." The defendant testified that he met Carson, a stranger, at Geary and Fillmore Streets while on his way to the lower part of Washington Street, but that he agreed to give Carson a ride to Third Street. When arrested, Watkins was not driving toward Third Street nor in the direction of Washington Street.

On the trial an objection was interposed that the conversation between Officer Casciani and Charles Johnson out of the "earshot" of the defendants was hearsay; but the repetition of Johnson's statement by Casciani to each defendant was proper so far as a hearsay objection was concerned.

The authorities cited by defendant on other points might be applicable if the accused were charged merely with possession of a narcotic, but the information specifically alleges that the defendants "did *transport* a quantity of MARIHUANA." (Emphasis added.) Possession may be a circumstance tending to prove transportation but it is not an essential element to that specific offense any more than to an "offer to transport" or an "attempt to transport" a narcotic. (Health & Saf. Code, § 11500.) To transport means to carry or con-

vey and, under certain circumstances, to conceal. (§ 11012.)

■ However, in transportation, as in possession, there must be a knowledge of the presence of the object with intent to exercise, individually or jointly, control over it. Knowledge is an "essential element of the offense," but knowledge of the exact character of the object or of a specific intent to violate the law is not essential to prove transportation. (*People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433]; *People* v. *Mandell*, 90 Cal.App.2d 93 [202 P.2d 348].)

■ That defendant Watkins had knowledge of the presence of the object with intent to exercise control over its transportation may be inferred from the following chain of facts: driving his car in the opposite direction from the location designated by him to the police officers as his destination; accelerating the speed of his car when the police officers brought their red light and siren into play; and the leaning of Carson toward defendant just before the object was thrown from the window of the automobile. Furthermore, Watkins evidently was enraged at Carson and attempted to attack him when the latter admitted to the officers that there was at least "one [bag]." From the evidence the trial court had a right to draw inferences of guilt and to conclude that Watkins had an interest in the contents of the bag.

■ The last point urged by defendant herein is that the motion for a new trial should have been granted in view of the fact that the trial court, in discussing the merits of the case on the motion for new trial, erred in stating a quotation from the evidence. The misstatement was of no consequence, but in any event must be disregarded on this appeal, as the appeal specifically is from the judgment and not from the denial of the motion for new trial. (8 Cal.Jur. § 561, pp. 560-561.)

The judgment is affirmed.

PETERS, P. J., and BRAY, J.—The foregoing opinion was written and signed by Mr. Justice Ward prior to his death. We adopt it as the opinion of this court.