[Crim. No. 997. Fourth Dist. Sept. 16, 1955.]

THE PEOPLE, Respondent, v. ARTHUR ALMANZA VASQUEZ, Appellant.

*Assigned by Chairman of Judicial Council.

Robert B. Webb for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged in count one of an information with violation of section 11500 of the Health and Safety Code in that he did wilfully, unlawfully and feloniously transport a certain quantity of marijuana. In the second count of the information he was charged with the unlawful and felonious possession of the same quantity of marijuana. A jury trial resulted in a verdict finding the defendant guilty as charged in count one of the information and not guilty as charged in count two. His motion for a new trial and application for probation were denied and he was sentenced to be confined in the county jail for a period of 30 days. He appeals from the judgment of conviction and the order denying his motion for a new trial. Appellant's sole contention in the trial court and here is that the evidence is insufficient to sustain the verdict and judgment.

On July 8, 1954, at approximately 9:40 p. m., Edward B. Banks, a police officer, observed a 1941 Buick automobile parked on Grand Avenue, near First Street, in Santa Ana. He observed one man sitting in the Buick and another walking away from it. The officer searched the man who was walking away (Jose Solano) and found two homemade cigarettes wrapped in brown paper in his shirt pocket. The cigarettes contained a brown-greenish leafy substance. The officer then searched the defendant, who was seated in the Buick on the passenger side. Defendant and Solano were placed under arrest. The Buick was towed to a garage and the officers then took defendant and Solano to the Santa Ana police station. After talking with Solano, Banks and a fellow officer took Solano to the county jail and then proceeded to the garage where the Buick had been stored. The two officers searched the Buick and found a package wrapped in brown paper in the sliding ash tray of the car. This package was approximately 1½ inches long and ½ inch in circumference and contained marijuana. The officers then returned to the Santa Ana police station and questioned defendant Vasquez. At that time he denied any knowledge of the cigarettes

found in Solano's pocket and also denied knowledge of the package found in the ash tray. Later he told the officers he knew the package was in the ash tray because he had seen Solano place it there earlier in the evening; that he told Solano to get rid of the package in the event they were caught; that Solano told him that if they were caught he (Solano) would take all the blame. He further stated to the officers that he had seen what was in the package, knew what it was, had seen Solano place it in the ash tray, and as far as he knew the ash tray had not been opened or touched from that time until they were arrested by the officers later in the evening.

Vasquez testified at the trial that he owned the Buick and was driving it on the night of his arrest; that as they were driving to the café where they were arrested, Solano showed him a brown paper package which he said was marijuana; that he told Solano to throw it out the window because he, Vasquez, did not want to get in trouble; that Solano said, "Well, it is none of your business anyway," and further stated that he would say it was his, and that Vasquez had nothing to worry about. Appellant denied having the package in his possession and stated that he had never had narcotics in any shape or form in his possession, either at home, in his car, or anywhere else.

The evidence amply supports the jury's verdict finding the defendant guilty of the offense of transportation as charged in count one of the information.

The question is raised as to whether a person who has been found not guilty of possession of a narcotic can be found guilty of transporting it. In *People* v. *Watkins*, 96 Cal.App.2d 74, 76. [214 P.2d 414], it is said that "Possession may be a circumstance tending to prove transportation but it is not an essential element to that specific offense any more than to an 'offer to transport' or an 'attempt to transport' a narcotic." In *People* v. *Mandell*, 90 Cal.App.2d 93, 98 [202 P.2d 348], this court held that where the only possession shown is that incident to the transportation, which is also forbidden, and it does not appear that there was a prior or subsequent possession, the possession and transportation may not be treated as two separate offenses. In the instant case, Vasquez, by his own admission, knew that the narcotic was in his automobile. When he first saw it, it was in the possession of Solano. Vasquez saw Solano place it in the ash tray of the vehicle and it remained in the vehicle while Vas-

quez drove it to the place of arrest. Under the circumstances shown, the jury properly acquitted appellant of the charge in count two of the information and convicted him of the offense of transportation as charged in count one thereof.

The judgment and order are affirmed.

Griffin, Acting P. J., and Shell, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.