67 Cal.2d 471 (1967)
PHILLIP WYTHE RIDEOUT et al., Petitioners,
v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; THE PEOPLE, Real Party in Interest.
S. F. No. 22530. 
Supreme Court of California. In Bank. 
Oct. 10, 1967.
 R. Donald Chapman, Public Defender, and Terry A. Green, Deputy Public Defender, for Petitioners.
 No appearance for Respondent. *473
 Thomas C. Lynch, Attorney General, Robert R. Granucci, James B. Cuneo and Michael Phelan, Deputy Attorneys General, for Real Party in Interest.
 BURKE, J.
 Phillip Rideout and Ronald Perry seek prohibition restraining the Santa Clara County Superior Court from taking any further action upon an information charging them with transportation of marijuana (Health & Saf. Code, 11531).
 Following a preliminary hearing on the charge the committing magistrate held petitioners to answer. The information was filed, and a motion to set it aside on the ground they were committed without probable cause (Pen. Code, 995) was denied.petitioners thereafter filed the instant petition for prohibition based on the same ground (Pen. Code, 999a).
 The sole witness for the People at the preliminary hearing was Police Officer Bernard Hazen, who testified to the following effect:
 About 1 p.m. on January 5, 1967, Officer Hazen observed a car being driven with a defective license plate light. He flashed his red light to direct the car to stop and pulled over behind it. The driver emerged without being asked to do so, met the officer in front of the police car, and identified himself as George Oliver. [fn. 1]
 The officer walked over to the car Oliver had been driving to check its registration and to obtain identification from the passengers. One Lopez was sitting on the front seat, and petitioners were on the back seat. The officer ascertained that the car was registered to Oliver's father. While checking the registration, the officer noticed several speakers and stereo tapes inside the car. Since he had information that such items had been stolen, he asked permission to search the car, and Oliver replied, "Go right ahead." [fn. 2]
 On the floor in front of the back seat the officer observed a matchbook folded in "a circular formation." He recognized it as a "crutch," a device "used to hold the used end of marijuana cigarettes." There were no burn marks on the "crutch," but the officer presumed it had been used because matchbooks ordinarily are not folded in that manner. The *474 officer looked into the "well" of the car behind the back seat where a convertible top folds down and saw "in plain view" a Tareyton cigarette package, which appeared to contain marijuana. [It was stipulated that the substance was marijuana.] The officer asked Oliver whom the package belonged to, and Oliver "did not state." No marijuana odor was detected in the car.
 [1] Evidence that will justify a prosecution need not be sufficient to support a conviction. (Lorenson v. Superior Court, 35 Cal.2d 49, 56 [216 P.2d 859]; People v. Willmirth, 247 Cal.App.2d 513, 514 [55 Cal.Rptr. 678]; see People v. McRae, 31 Cal.2d 184, 187 [187 P.2d 741].) " 'Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused.' " (Jackson v. Superior Court, 62 Cal.2d 521, 525 [42 Cal.Rptr. 838, 399 P.2d 374]; Robison v. Superior Court, 49 Cal.2d 186, 188 [316 P.2d 1]; Lorenson v. Superior Court, supra, at p. 56.) [2] An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. (De Mond v. Superior Court, supra, 57 Cal.2d 340, 344; cf. Jackson v. Superior Court, supra, at p. 525; People v. Crosby, 58 Cal.2d 713, 719 [25 Cal.Rptr. 847, 375 P.2d 839].)
 [3] A reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate, and, if there is some evidence to support the information, the court will not inquire into its sufficiency. (Perry v. Superior Court, 57 Cal.2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529]; People v. Jablon, 153 Cal.App.2d 456, 459 [314 P.2d 824]; cf. Jackson v. Superior Court, supra, at p. 525.) Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. (People v. Cron, 207 Cal.App.2d 452, 457 [24 Cal.Rptr. 586]; cf. Jackson v. Superior Court, supra, at p. 530.)
 [4] A defendant who has joint or exclusive possession of narcotics in a moving vehicle may be found guilty of unlawful transportation of narcotics. (People v. Miller, 162 Cal.App.2d 96, 98 [328 P.2d 506]; People v. Holliday, 120 Cal.App.2d 562, 564 [261 P.2d 301]; People v. Coleman, 100 Cal.App.2d 797, 801 [224 P.2d 837].) Knowledge by the defendant of both the presence of the drug and its narcotic character is essential to establish unlawful transportation, sale, or possession of narcotics. (People v. Groom, 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, *475 388 P.2d 359]; People v. Redrick, 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255]; People v. Roberts, 228 Cal.App.2d 722, 726 [39 Cal.Rptr. 843]; People v. Tostado, 217 Cal.App.2d 713, 719-720 [32 Cal.Rptr. 178]; People v. Sanders, 163 Cal.App.2d 132, 135 [328 P.2d 825]; People v. Watkins, 96 Cal.App.2d 74, 77 [214 P.2d 414]; see 2 Witkin, Cal. Crimes (1963) pp. 632-637, 642-644.) [5] Such knowledge may be shown by circumstantial evidence. (People v. Groom, supra, at p. 530.)
 [6] In the present case from the recited evidence the magistrate could reasonably have inferred that petitioners had possession of the marijuana and knowledge of its presence since they were the ones in closest proximity to the place where it was found, the place apparently was accessible to them, and they had an opportunity to deposit the marijuana there when the police directed the car in which they were riding to pull over. Likewise an inference of their knowledge of the narcotic character of the marijuana is warranted by the evidence of the presence of the "crutch" on the floor in front of the back seat where petitioners were sitting (cf. People v. Young, 197 Cal.App.2d 129, 131 [17 Cal.Rptr. 283]) and the secretion of the marijuana in an ordinary package of cigarettes (cf. People v. Powell, 236 Cal.App.2d 881, 884 [46 Cal.Rptr. 415]).
 Petitioners rely upon People v. Redrick, supra, 55 Cal.2d 282, 285, and People v. Jackson, 198 Cal.App.2d 698, 705 [18 Cal.Rptr. 214], neither of which involved the question of probable cause. The cited cases, which affirmed judgments of conviction of possession of narcotics, state that "proof of opportunity of access to a place where narcotics are found, without more, will not support a finding of unlawful possession." In the present case, however, the question is not whether the evidence will support a finding but whether there is probable cause, and here petitioners not only had an opportunity of access to the place where the marijuana was found, but they were the ones in closest proximity to that place and the "crutch" was at their feet.
 Other authority cited by petitioners likewise does not aid them. For example, People v. Howard, 58 Cal.App. 340, 344-345 [208 P. 1022], held that the mere presence of guests on the premises where stolen property is found is insufficient to justify their conviction for larceny.
 The alternative writ heretofore issued is discharged and the peremptory writ is denied. *476
 Traynor, C. J., McComb, J., and Mosk, J., concurred.
 PETERS, J.
 I dissent.
 The writ of prohibition should issue if at the preliminary no evidence is introduced sufficient to establish probable cause that the accused committed the charged crime. That means that there must be some evidence upon which men of ordinary caution and prudence might believe the accused to be guilty. There must be a rational and reasonable basis for that belief. (Lorenson v. Superior Court, 35 Cal.2d 49, 56 [216 P.2d 859]; People v. Ketchel, 59 Cal.2d 503, 532 [30 Cal.Rptr. 538, 381 P.2d 394]; Robison v. Superior Court, 49 Cal.2d 186, 188 [316 P.2d 1].)prohibition should be denied only when the evidence offers some rational theory to support the inference of guilt. (Jackson v. Superior Court, 62 Cal.2d 521, 525 [42 Cal.Rptr. 838, 399 P.2d 374].) In essence, the test is was there " 'some evidence' ... which, if unexplained ... would ... warrant a conviction by a trial jury." (Dong Haw v. Superior Court, 81 Cal.App.2d 153, 158, 159 [183 P.2d 724].) This means that there must be some evidence in regard to each element of the crime, and in narcotic cases this refers primarily to the element of scienter. (Garabedian v. Superior Court, 59 Cal.2d 124, 127 [28 Cal.Rptr. 318, 378 P.2d 590].)
 The crime charged in the instant case, violation of section 11531 of the Health and Safety Code (transportation, possession, sale, or administration of marijuana) has two scienter elements: the accused must know he possessed the drug and know it was narcotic in nature. There is no evidence of either element in this case.
 The applicable law is summarized in People v. Jackson, 198 Cal.App.2d 698, 704, 705 [18 Cal.Rptr. 214]: "It is well settled that 'to establish unlawful possession of narcotics [marijuana] it must be shown that the accused exercised dominion and control over the drug with knowledge of its presence and narcotic character.' (People v. Redrick, 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255].) 'These elements may be established by circumstantial evidence and reasonable inferences drawn therefrom. [Citation.] The narcotics need not be found on the person of the defendant; it is sufficient if they are deposited in a place under the possession and control of the accused. Exclusive possession of the premises is not necessary nor is physical possession of the drug of the essence. [Citation.]' (People v. Hurst, 183 Cal.App.2d 379, 387 [6 Cal.Rptr. 483].) However, 'proof of opportunity *477 of access to a place where narcotics are found, without more, will not support a finding of unlawful possession.' "
 It has been held that knowledge of possession may be inferred when the narcotic is found in the accused's shirt pocket or hidden in the mattress of his bed. (People v. Prieto, 191 Cal.App.2d 62, 71 [12 Cal.Rptr. 577].) Knowledge of the narcotic nature of a substance possessed can, of course, also be implied, as where police observe a suspect suspiciously throwing away a cigarette and the man denies he had a "joint" (a term only one experienced with marijuana would be expected to use). (People v. Groom, 60 Cal.2d 694 [36 Cal.Rptr. 327, 388 P.2d 359].) The owner of a car or a tenant of a room may be reasonably supposed to know what is in his car, or room, or on his person. Thus, it may be implied that such a person had control or possession of substances found in his car, room or on his person. Thus, in the instant case, there may be enough evidence to hold the driver of the car, Oliver, for trial, since he had dominion and control of the car where the marijuana was found. (See e.g., People v. Watkins, 96 Cal.App.2d 74 [214 P.2d 414].) But Oliver is not before us. Only the two passengers sitting in the back seat of the car are involved. As to them there is a complete lack of evidence from which knowledge that there was marijuana in the car could be implied. The majority seek to imply such knowledge from the fact that had they looked at the floorboard near their feet they would have seen a rolled up matchbook of a type sometimes used, according to the evidence, as a marijuana "crutch." This "crutch" was not burned nor did it contain any marijuana. Nor was there any smell of marijuana in the car. Nor was there any evidence petitioners knew it was there. It is doubtful if an average man would recognize such a matchbook as a marijuana "crutch," and there is no reason offered why petitioners should be charged with such knowledge. But even if they recognized the matchbook as a marijuana "crutch" it does not follow that they knew marijuana was in the car. We are told by the majority that petitioners were in close proximity to the marijuana. But of what significance is proximity if there is no evidence of knowledge? Moreover, if petitioners had turned around on the back seat of the car and looked into the "well" into which the convertible top folded, there in plain sight they would have been what appeared to be an ordinary package of Tareyton cigarettes. There was absolutely nothing to indicate that the package contained marijuana, and there were no suspicious circumstances. *478
 Mere proximity to the marijuana cannot create a reasonable or rational suspicion. The Attorney General argues that mere association with Oliver was enough to create a reasonable suspicion. Normally, of course, association alone does not create a criminal--accomplice liability requires some aiding and abetting. (People v. Ah Ping, 27 Cal. 489.) No reason why this normal rule should not apply has been suggested.
 The majority, in refusing prohibition, rely upon mere surmise and conjecture. There is no rational or reasonable basis for any such suspicion. This is one of those extreme cases in which prohibition should issue. As we were told by the now Chief Justice in Greenberg v. Superior Court, 19 Cal.2d 319, 322 [121 P.2d 713], we are obliged to uphold "the right of a person to be free from prosecution for crime unless there is some rational ground for assuming the possibility that he is guilty." Otherwise, as the same case points out (p. 323), an unjustly accused defendant suffers unreasonable expense, delay, inconvenience, and the shame of a trial. Unless prohibition issues in the instant case the important rights recognized in Greenberg will have been nullified.
 I would issue the writ of prohibition.
 Tobriner, J., and Sullivan, J., concurred.
NOTES
[fn. 1] 1. Oliver was also charged with the offense in question, but he is not a party to the instant proceeding.
[fn. 2] 2. Oliver denied having given permission to search. The credibility of witnesses at the preliminary hearing is, of course, a question of fact within the province of the committing magistrate to determine. (De Mond v. Superior Court, 57 Cal.2d 340, 345 [19 Cal.Rptr. 313, 368 P.2d 865]; People v. Brown, 205 Cal.App.2d 188, 192-193 [22 Cal.Rptr. 835].)