Filed 1/7/21  P. v. Meserve CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KAILAN MESERVE,<br><br>        Defendant and Appellant. | A148944<br><br>(Humboldt County<br>Super. Ct. No. CR1501663) |

Appellant Kailan Meserve was convicted of over a dozen offenses after he sexually assaulted two female casual acquaintances.  On appeal, he contends that he was denied effective assistance of counsel because his trial attorney abandoned an interlocutory appeal of the denial of his motion to dismiss and failed to call a witness to testify at trial.  He also contends that the prosecutor committed prosecutorial misconduct in her closing argument, or alternatively, that his trial attorney's failure to object to the prosecutor's comments constituted ineffective assistance of counsel.  We reject all these contentions and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Meserve had sexual relations with Jane Doe 2 on one occasion in December 2013 and with Jane Doe 1 on a different occasion about a year

later.  The details of these encounters are not material to the disposition of this appeal, and we therefore do not recount them.  Suffice it to say, the central issue at trial was whether the sexual relations were consensual.  The two women maintained they were not, while Meserve maintained they were.

A felony complaint against Meserve was filed in the spring of 2015.  It alleged 19 counts and two special allegations, one that the offenses against Doe 1 occurred during a kidnapping and another that the offenses against Doe 2 occurred during a burglary.[1]  After the preliminary hearing, the magistrate concluded there was sufficient evidence to hold Meserve to answer for most of the charges, but not count 5, which alleged that Meserve sexually penetrated Doe 1 with a foreign object (§ 289, subd. (a)(1)), or count 15, one of five counts alleging that Meserve committed forcible oral copulation against Doe 2 (§ 288a, subd. (c)(2)(A)).

An information was subsequently filed charging Meserve with 16 counts.  The first seven counts related to Doe 1, and the remaining nine counts related to Doe 2.  The charged offenses were composed of one count of kidnapping to commit a felony (§ 209, subd. (b)(1)) [count 1]; three counts of rape (§ 261, subd. (a)(2)) [counts 2, 8, and 9]; six counts of forcible oral copulation (§ 288a, subd. (c)(2)) [counts 3, 4, and 10 through 13]; two counts of forcible penetration by a foreign object (§ 289, subd. (a)(1)) [counts 5 and 16]; one count of assault by means likely to cause great bodily injury (§ 245, subd. (a)(1)) [count 6]; one count of criminal threats (§ 422) [count 7]; and two counts of sexual battery (§ 243.4, subd. (a)) [counts 14 and 15].

Instead of alleging five counts of forcible oral copulation against Doe 2 as had the complaint, the information alleged only four such counts (counts

_____

[1] The special allegations were made under Penal Code section 667.61, subdivision (a).  All further statutory references are to the Penal Code.

10 through 13).  The information reiterated the special allegations that the offenses against Doe 1 were committed during a kidnapping and that the offenses against Doe 2 were committed during a burglary.  It also reiterated count 5, alleging that Meserve was guilty of sexual penetration by a foreign object, even though the magistrate had rejected that charge.

Meserve brought a motion to dismiss the information.  The prosecutor opposed the motion but conceded that count 5 and the second special allegation—alleging that the offenses involving Doe 2 were committed during a burglary—should be dismissed.  The trial court dismissed these allegations but otherwise denied the motion.  Meserve's trial counsel filed a notice of appeal of the ruling, but the appeal was abandoned two weeks later.

The jury did not find Meserve guilty of kidnapping to commit a felony (count 1), instead finding him guilty of the lesser included offense of false imprisonment under section 236.  The jury also found not true the remaining special allegation that the offenses against Doe 1 occurred during a kidnapping, but it found Meserve guilty of the remaining counts (counts 2 through 4 and 6 through 16).

The trial court imposed a total term of 23 years in prison, composed of consecutive terms of six years each for counts 2, 8, and 9, one year for count 6, and four years for count 7.  It imposed concurrent terms of two years for count 1, six years each for counts 3, 4, and 10 through 13, and three years each for counts 14 through 16.

## II.
### DISCUSSION

A.  *The General Law Governing Claims of Ineffective Assistance of Counsel*

The law governing claims of ineffective assistance of counsel is well-settled.  The federal and state Constitutions guarantee criminal defendants

3

the right to adequate representation by counsel.  (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *People v. Vines* (2011) 51 Cal.4th 830, 875.)  To prevail on a claim of ineffective assistance of counsel, a defendant must show both "that counsel's performance was deficient," such that "counsel was not functioning as the 'counsel' [constitutionally] guaranteed," and "that the deficient performance prejudiced the defense."  (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*); *People v. Centeno* (2014) 60 Cal.4th 659, 674.)

To establish the first *Strickland* prong, a defendant must show that "counsel's performance . . . fell below an objective standard of reasonableness under prevailing professional norms."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).)  In evaluating this prong, "a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance."  (*Ibid.*)  " ' "Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts." ' "  (*People v. Stanley* (2006) 39 Cal.4th 913, 954.)  Because the presumption of counsel's competence can typically be rebutted only with evidence outside the record, a reversal on direct appeal is not warranted unless "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.  All other claims of ineffective assistance [of counsel] are more appropriately resolved in a habeas corpus proceeding."  (*Mai*, at p. 1009.)

To establish the second *Strickland* prong, a defendant must demonstrate "resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have

4

been different." (*Mai, supra*, 57 Cal.4th at p. 1009.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland, supra*, 466 U.S. at p. 694.) "A defendant must prove prejudice that is a ' "demonstrable reality," not simply speculation.' " (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

> **B.** *Counsel Was Not Ineffective for Abandoning the Appeal of the Denial of Meserve's Motion to Dismiss.*

Meserve first contends that his trial counsel was ineffective for abandoning the interlocutory appeal of the trial court's denial of the motion to dismiss. Specifically, Meserve argues that "the appeal had merit" because a witness was improperly allowed to testify at the preliminary hearing about her beliefs, the trial court abdicated its responsibility to resolve conflicts in ruling on the motion to dismiss, and the information included two counts that had been rejected by the magistrate after the preliminary hearing. None of these arguments are persuasive.

> **1.** Additional background

The only witness to testify at the preliminary hearing was Humboldt County District Attorney Investigator Kyla Baxley. She had interviewed Doe 1 and Doe 2, and she testified about what they told her in those interviews.[2]

Baxley testified that during her interview with Doe 1, Doe 1 told her that Meserve engaged in sexual activity with her without her consent. Doe 1 reported that Meserve had sexual intercourse with her, orally copulated her, and forced her to orally copulate him. Doe 1 told Baxley that Meserve had

---

[2] Hearsay evidence from certain sworn law enforcement officers is admissible at preliminary hearings. (*Correa v. Superior Court* (2002) 27 Cal.4th 444, 451–452.)

called her "his bitch," threatened to "freeze [her] and feed [her] to animals," and choked her during intercourse. Doe 1 said she felt panicked and scared during the encounter.

Baxley testified that during her interview with Doe 2, Doe 2 also said Meserve engaged in sexual activity with her without her consent. Doe 2 reported that she was asleep at a friend's house on the night of the encounter, and Meserve woke her, penetrated her with his penis, and forced her to orally copulate him. She told Baxley that she fell back asleep after the assault, but Meserve returned and again assaulted her by penetrating her again with his penis, making her again orally copulate him, and penetrating her vagina with his fingers.

Baxley also testified about a pretext phone call that Doe 2 made to Meserve, during which Meserve apologized to Doe 2 if anything had happened between them, told Doe 2 that she had invited him to the loft area where the sexual encounter occurred, and stated that he remembered the encounter as consensual.

As we have mentioned, after the preliminary hearing and the magistrate's ruling, the prosecution filed an information, and Meserve moved to dismiss it. In ruling on the motion to dismiss, the trial court commented, "I will simply observe to you that while I may wonder about many of the things that have been referred to or described by the evidence here, that's not my role at this point to try and sort those out. I agree that there are layerings, shadings, and nuances here that are going to need to be resolved by the trier of fact, and I will leave it there."

2.    Analysis

In arguing that his trial counsel's abandonment of the appeal constituted ineffective assistance, Meserve first argues that "[t]he

6

preliminary hearing transcript is littered with instances when Investigator Baxley testifie[d] about her beliefs and impressions about what Jane Doe 1 and Jane Doe 2 complained about. But, these beliefs and impressions do not rise above speculation such that the state of the evidence makes issuing a holding order unwarranted. . . . The problem is exacerbated because the . . . court avoided its duty to scrutinize the testimony to separate guess work and conjecture from real, reliable evidence." We perceive no error.

To begin with, the Attorney General correctly points out that Meserve had no right to appeal the denial of the motion to dismiss. Instead, the available remedy was a petition for an extraordinary writ, which had to be filed within 15 days of the trial court's ruling. (§ 999a; *Hampton v. Superior Court* (1952) 38 Cal.2d 652, 656.) Counsel's decision to abandon an improper appeal cannot be considered deficient under prevailing professional norms.

Furthermore, Meserve's argument fails even assuming the appeal would have been construed as a writ. A court reviewing a magistrate's ruling on a motion to dismiss asks not whether the preliminary-hearing evidence is sufficient to support a conviction but "only 'whether the evidence is such that "a reasonable person could harbor a strong suspicion of the defendant's guilt." ' [Citation.] This is an 'exceedingly low' standard." (*People v. Superior Court (Sahlolbei)* (2017) 3 Cal.5th 230, 245; *Rideout v. Superior Court* (1967) 67 Cal.2d 471, 474.) "Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information" (*Rideout*, at p. 474), meaning that "an information ' "should be set aside only when there is a total absence of evidence to support a necessary element of the offense charged." ' " (*People v. Black* (2017) 8 Cal.App.5th 889, 898.)

Baxley's testimony provided more than enough evidentiary support for the non-dismissed counts. Meserve's argument that Baxley's testimony was

7

speculative because it included her "beliefs" about Doe 1's and Doe 2's stories is specious. The challenged statements plainly referred to Baxley's recollection of what Does 1 and 2 told her and cannot reasonably be construed as reflecting Baxley's beliefs about the truth of the actual events Does 1 and 2 described.[3] Furthermore, Meserve points to no specific remarks by Baxley that were both material and unsupported by *other* testimony sufficiently establishing probable cause for the undismissed charges.

We also reject Meserve's claim that the trial court's comments in ruling on the motion to dismiss reflected an improper refusal to decide the issues. The court's duty was to determine only whether there was probable cause to believe that Meserve committed the charged offenses, not whether he was guilty. (*Rideout v. Superior Court*, *supra*, 67 Cal.2d at p. 474.) There was nothing improper about the court's acknowledging that the evidence was mixed and ultimately needed to be weighed by the jury.

Lastly, we reject Meserve's argument that the appeal was meritorious since two counts remained in the information even though the magistrate rejected them after the preliminary hearing. Although Meserve is correct that one of the five counts of forcible oral copulation against Doe 2 originally alleged was dismissed, the information contained only the *four* such counts that remained. In other words, the information did not in fact reallege the fifth count of forcible oral copulation against Doe 2 that the magistrate had rejected.

---

[3] The statements included Baxley's belief about the location of Doe 1's home, her impression about what Doe 1 told another peace officer, her belief "that [Meserve] forced [Doe 2] to suck his penis" and later testimony clarifying that Doe 2 told her that Meserve made her orally copulate him, and her beliefs about what Doe 2 told her had happened after Meserve left and then returned.

As for the second dismissed count, which alleged sexual penetration by a foreign object against Doe 1, Meserve is correct that the information realleged this count (again as count 5) even though the magistrate had rejected it.  But the trial court recognized that the count was improperly realleged and *granted* Meserve's motion to dismiss it.  Thus, neither of the two challenged counts remained at issue when counsel appealed from the ruling on the motion to dismiss.[4]  Counsel was not ineffective for abandoning the appeal for reasons related to these two counts, because Meserve had already obtained the relief he sought.

In short, even if we assume that the appeal would have been construed as a writ petition, Meserve's claim fails.  His attorney did not provide ineffective assistance by abandoning the appeal because there was no reasonable likelihood that the appellate court, drawing all favorable inferences in favor of the ruling on the motion to dismiss, would grant the petition.  (See *People v. Plengsangtip* (2007) 148 Cal.App.4th 825, 835.)

C.  *Counsel Was Not Ineffective for Failing to Call a Witness to Testify.*

After her sexual encounter with Meserve, Doe 1 was interviewed by an employee of the Humboldt County Sheriff's Office whom she identified as "Deputy Hass."  Meserve argues that his trial counsel was ineffective for not calling Deputy Hass to testify at trial because the deputy would have

---

[4] Because count 5 was dismissed before trial, we also reject Meserve's cursory argument that "[a]lthough the Court dismissed Count 5 at sentencing . . . , the damage to Meserve's right to due process was already done because Jane Doe 1 testified at trial that Meserve penetrated her vagina with his fingers."  At sentencing, the trial court merely confirmed that count 5 had previously been dismissed.  Thus, any testimony at trial about Meserve's digital penetration had nothing to do with count 5, which was no longer at issue.

9

"contradicted and impeached [Doe 1] in relation to critical parts of her testimony." We are not persuaded.

As we have explained, "a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*Mai*, *supra*, 57 Cal.4th at p. 1009.) The decision not to call Deputy Hass could have been a reasonable tactical decision. For example, Meserve's trial counsel may have wanted to avoid giving the prosecution an opportunity to call attention to other, more detrimental, aspects of Doe 1's interview with Deputy Hass. In fact, the record demonstrates that Meserve's counsel tactically *used* the fact that no peace officer other than Baxley testified: During closing argument, counsel repeatedly suggested that the prosecutor's case was weak by remarking about the lack of officers who testified for the prosecution. Thus, Meserve fails to demonstrate on direct appeal that he received ineffective assistance. (See *ibid*.)

### D. The Prosecutor's Comments During Oral Argument Did Not Constitute Prejudicial Error.

In closing argument, the prosecutor made two comments to which Meserve now objects. First, she said society treats rape victims poorly. Second, she said stress could have caused certain gaps in Doe 1's and Doe 2's memories, giving as an example her father's forgetfulness about what he was told during a doctor's visit when he was diagnosed with cancer. Meserve argues that these comments "appeal[ed] to the jury's sympathy" and thereby "carried a substantial and unwarranted risk" that the jury would decide the case based on sympathy rather than the evidence. Again, we are not persuaded.

Prosecutorial "error occurs, as a matter of state law, when a prosecutor 'engage[s] in deceptive or reprehensible tactics in order to persuade the trier

10

of fact to convict.' [Citation.] Federal constitutional error occurs only when the prosecutor's actions 'comprise a pattern of conduct that is serious and egregious, such that the trial is rendered so unfair that the resulting conviction violates the defendant's right to due process of law.' " (*People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 854.) When a claim of prosecutorial error " 'focuses upon comments made by the prosecutor before the jury, the question is whether there is a reasonable likelihood that the jury construed or applied any of the complained-of remarks in an objectionable fashion.' " (*People v. Smithey* (1999) 20 Cal.4th 936, 960.)

Here, it is not reasonably likely that the jury construed the prosecutor's comments in an objectionable fashion. The comments were fleeting, part of an otherwise lengthy argument, did not invoke animosity towards Meserve, and did not attempt to arouse sympathy for Does 1 and 2 by asking the jury to view the case through their eyes. (See *People v. Young* (2019) 7 Cal.5th 905, 933.) The comment that society treats rape victims poorly was extremely general. As for the prosecutor's comment that her father could not remember all the details about learning of his cancer diagnosis, it was neither inflammatory nor controversial. None of these comments were likely to be construed or applied in a way that would have unfairly harmed Meserve. Our conclusion is bolstered by the fact that the jury was expressly instructed not to "let bias, sympathy, prejudice, or public opinion influence [its] decision," an instruction we must presume was followed. (See *People v. Daveggio and Michaud, supra*, 4 Cal.5th at p. 857.)

Even if we were to assume that the prosecutor's comments could have been construed in an objectionable manner, we would conclude that the error was harmless. Comments made in closing argument are prejudicial only if it is reasonably probable that a result more favorable to the defendant would

11

have been reached in the absence of the error.  (*People v. Wallace* (2008) 44 Cal.4th 1032, 1070–1071; see *People v. Watson* (1956) 46 Cal.2d 818, 836.) Federal constitutional error is harmless if, beyond a reasonable doubt, the error did not affect the outcome of the trial.  (*People v. Cook* (2006) 39 Cal.4th 566, 608; see *Chapman v. California* (1967) 386 U.S. 18, 24.)  Here, we have no trouble concluding that the complained-of comments were not prejudicial under either standard, given they were made in passing and were mild in nature.  Accordingly, we necessarily also reject Meserve's back-up argument that his trial counsel was ineffective for failing to object to the comments. (See *Strickland, supra,* 466 U.S. at p. 697 [an appellate court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies"].)

III.
DISPOSITION

The judgment is affirmed.

_____

Humes, P.J.

We concur:

_____

Banke, J.

_____

Sanchez, J.

*People v. Meserve,* A148944

13