Filed 9/30/21  P. v. Johnson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TOMMY EDWARD JOHNSON, JR.,<br><br>        Defendant and Appellant. | A160964<br><br>(Contra Costa County Superior Court No. 52001477) |

**MEMORANDUM OPINION**[1]

Counsel for Tommy Edward Johnson, Jr., has filed an opening brief asking that this court conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel also informed defendant that he had the right to file a supplemental brief on his own behalf, but defendant declined to do so.  We conclude that there are no meritorious issues to be argued and shall affirm the judgment.

---

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

1

Based on incidents that occurred on November 30, 2019 and December 6, 2019, Johnson was charged in a nine-count complaint filed on December 10, 2019. After the preliminary hearing, the People filed an eight-count information, with counts 1 through 7 relating to the events of November 30, 2019, and count 8 relating to the incident on December 6, 2019. Johnson filed a motion to dismiss all charges pursuant to Penal Code section 1382 and a motion to dismiss count 8 pursuant to Penal Code section 995. The trial court denied both motions. Defendant then brought a motion seeking a new attorney under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), which the trial court also denied. Defendant thereafter pled no contest to count 6 (assault with force likely to cause great bodily injury) and count 8 (first degree residential burglary) per the terms of a negotiated agreement. Consistent with the parties' agreement, the court sentenced defendant to the mid-term of four years on count 8 and to a concurrent mid-term of three years on count 6, with 243 days of credit for time served. At Johnson's request, the court imposed no fines and fees based on its finding of Johnson's indigency; at the People's request, the court reserved ruling on victim restitution.

Our review of the record establishes that there are no meritorious issues to be argued. Johnson's pre-plea motions were properly denied.[2] In addition, Johnson was advised of his rights

_____

[2] Johnson's *Marsden* motion lacked merit, as defense counsel credibly explained that she had shared the relevant discovery and plea offers with defendant, who—at that point— simply did not like the DA's offers. Even if we could reach the

2

prior to entering his no contest pleas; there was a factual basis for his pleas; and the trial court did not err in sentencing him pursuant to the parties' agreement.

Having examined the record to ensure that defendant receives effective appellate review, we find no basis for reversal. (*Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

BROWN, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

*People v. Johnson* (A160964)

---

merits of other pre-plea motions not included in the trial court's certificate of probable cause (*People v. Mendez* (1999) 19 Cal.4th 1084), the court appropriately rejected Johnson's speedy trial motion in light of the COVID-19 pandemic (*People v. Stanley* (2020) 50 Cal.App.5th 164), and it did not err in denying Johnson's motion to dismiss under Penal Code section 995 (*Rideout v. Superior Court* (1967) 67 Cal.2d 471, 474).

3