Filed 12/6/22 P. v. Superior Court (Zesk) CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEPLE, | |
| Petitioner, | E079604 |
| v. | (Super.Ct.No. RIF2010146) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| DARREN PETER ZESK, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate from an order of the Superior Court of Riverside County. John D. Molloy, Judge. Petition granted.

Michael A. Hestrin, District Attorney and Jesse Male, Deputy District Attorney for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

1

## INTRODUCTION

After his nephew was jumped and beaten by several young men at a party, defendant Darren Zesk and his nephew Jared returned to the party location and called out one of the people who had been involved in the altercation. They demanded that the victim, Massai Cole, come outside to fight Jared one-on-one, where Zesk pulled out a firearm and shot the victim in the abdomen, causing death.

Defendant was initially being held to answer on charges of premeditated murder committed by lying in wait (Pen. Code,[1] §§ 187, subd. (a), 189, subd. (a)) and an allegation of personal discharge of a firearm causing death (§ 12022.53, subd. (d)), but later a grand jury was empaneled. The grand jury returned an indictment on the original charges and enhancements and included a special circumstances allegations that the victim was killed by means of lying in wait (§ 190.2, subd. (a)(15)), and because of his or her race, color, religion, nationality, or country of origin. (§ 190.2, subd. (a)(16).) Defendant filed a motion to set aside the racial hatred special circumstance allegation (§ 995), which was granted. The People then filed this petition.

The People assert that the trial court erred in striking or setting aside the hate-crime special circumstance allegation. We reverse.

## BACKGROUND

Just after midnight on February 1, 2020, Zesk (age 19), his close-in-age nephew Jared (age 18), and two other friends arrived at a house party in Moreno Valley after the

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

party they were previously attending was shut down. It appears the party was attended by White people, Latinos, and one or several Black people, in descending order of proportion.

Jared, and possibly Zesk, were beaten up during an altercation after one member of their group dropped a liquor bottle inside the house. Jared got the worst of it. Zesk later told another same-age nephew, who testified before the grand jury, that the persons involved in the altercation and who beat up Jared were mostly Black, with some Mexicans, and no White people. However, at the grand jury proceeding the homicide investigator showed a security video still of three men attacking Jared as he lay on the ground; he identified them as one white, one Black and one of undetermined race. Zesk was standing nearby.

After the beating, the two young men went home and then returned to the party. Jared mostly waited in or by Zesk's car, a black Dodge Charger, down the street, while Zesk went into the party four separate times over about 30 minutes, coming out in between.[2] The final time Zesk speaks to someone in the driveway before going back into the party. In the backyard, Zesk approached the Black victim, Massai Cole, and asked Cole to follow him to the front yard so his cousin could fight Cole one-on-one. Cole followed Zesk. Before they reached the front yard, Cole stopped to talk to someone. Zesk turned around and shot the victim two or more times. Cole died from these wounds.

---

[2] Security cameras in the neighborhood captured much of the action, and stills were created from that footage.

3

When police arrived in response to the shooting, Cole was the only African-American person present at the party.

Defendant was initially charged in case No. RIF 2000463, by way of complaint, with murder, including allegations of lying in wait and premeditation and deliberation, as well as a personal gun discharge enhancement allegation. (§§ 187, subd. (a), 189, subd. (a), 12022.53, subd. (d).)[3]

On July 10, 2020, at the end of the preliminary hearing, the court held Zesk to answer for murder with an enhancement for personally and intentionally discharging a firearm causing death. The People did not allege any special circumstances. According to Zesk's section 995 motion, at the preliminary hearing the prosecutor asked the homicide investigator Trudeau, who interviewed Jared, whether Jared ever mentioned that there was racial motivation for the shooting. The investigator testified, "no, there was none." The preliminary hearing transcript is not provided with the petition.[4]

---

[3] On our own motion, we take judicial notice of the Riverside Superior Court file case No. RIF2000463.

[4] The indictment is the initial pleading in a separate case number, RIF2010146. It appears (because our record in incomplete) that Zesk was originally charged by way of complaint with murder (§ 187, subd. (a)), along with allegations of premeditation and deliberation, as well as lying in wait, and an allegation defendant personally discharged a firearm causing death. (Riv. Sup. Ct. case No. 2000463; §§ 189, subd. (a), 12022.53, subd. (d).) There were no special circumstances alleged in this complaint. There was a preliminary hearing, however, and defendant was apparently held to answer on the charges alleged, but we do not have a copy of the transcript of the preliminary hearing, as mentioned.

Later, the People sought an indictment on special circumstances murder, and the grand jury's accusation was returned charging Zesk with murder, along with the previously alleged allegations of premeditation and lying in wait, and a special

*[footnote continued on next page]*

4

In its opposition to defendant's motion, the People indicated in a footnote that, "[F]ollowing the preliminary hearing, new evidence prompted the People to empanel a Grand Jury" to review evidence of first degree murder committed by lying in wait and for a racial motivation.

During the grand jury proceedings, the prosecutor did not ask Investigator Trudeau whether anyone had mentioned a racial motivation for the shooting. Instead, the People introduced evidence that defendant's family members had heard him speak of African-Americans in derogatory terms and he listened to racist songs, defendant had sent text messages to a person whose moniker was "White Power Joey," and had also referred to African-Americans using a racial epithet, expressed his hatred for African-Americans by stating they were monkeys and that they belonged in a zoo; and that his name showed up on YouTube in a racist rap song, with his name spelled "Zeskkk." Further, on defendant's social media pages and instant messages, he extolled Hitler, the Ku Klux Klan, and made denigrating references to African Americans. However, the posts were not related to the shooting, in fact, the YouTube video was posted two years earlier.

The People also introduced defendant's phone records showing similar sentiments, although none of the statements referred to a motive for the shooting. Defendant's other young nephew testified before the grand jury that defendant told him that when he returned to the location where the party was ongoing and where Jared was beaten, he recognized one of the individuals involved in the altercation, "a black kid."

circumstance allegation that the victim was intentionally killed because of his or her race, color, religion, nationality, or country of origin. (§ 190.2, subd. (a)(16).)

5

On August 20, 2020, the grand jury indicted Zesk on the charge of murder (§ 187, subd. (a)), with the allegation that he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)), and with the special circumstances of lying in wait (§ 190.2, subd. (a)(15)) and that the murder was motivated by the victim's race. (§ 190.2, subd. (a)(16).)

In 2022, Zesk filed a section 995 motion to set aside the hate crime special circumstance. The People opposed. Zesk did not file a reply. At the motion hearing on July 8, 2022, the parties submitted on their filings without oral argument and the court took the matter under submission. The minute order for that day shows the court granted the motion.

The People filed a notice of appeal on this issue on August 12, 2022 in case No. E079587. The People also filed the instant petition seeking extraordinary relief. On August 17, 2022, the People filed this petition seeking extraordinary relief, and concurrently filed a notice of appeal from the trial court's ruling, in *People v. Zesk,* case No. E079587, which has been stayed.

## DISCUSSION

The sole issue for review in this writ proceeding is whether the trial court erred in granting the defense motion to strike or dismiss the special circumstance allegation that the murder was motivated by racial hatred. In this respect, we are governed by a standard of review that requires deference to the grand jury indictment.

6

a.    *Standard of Review*

Section 995 requires a court to set aside an indictment on a motion where "the defendant has been indicted without reasonable or probable cause." (§ 995, subd. (a)(1)(B).) The term "probable cause," as used in this connection, refers that state of evidence in which it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof. (*Cummiskey v. Superior Court* (1992) 3 Cal.4th 1018, 1026-1027.) There, the court explained that evidence which will justify a prosecution need not be sufficient to support a conviction. (*Id*,. at p. 1027.) Thus, "'''[a]n [indictment] will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citations.]'''" (*D'Amato v. Superior Court* (2008) 167 Cal.App.4th 861, 880, quoting *Cummiskey, supra*, 3 Cal.4th at pp. 1026–1027.)

In reviewing the grant of a defendant's section 995 motion, we adhere to the guidance of *People v. Johnson* (2012) 209 Cal.App.4th 800, 807-808, and, "'in effect disregard[] the ruling of the superior court and directly review[] the determination of the [grand jury] holding the defendant to answer.' [Citations.] Insofar as the . . . section 995 motion rests on issues of statutory interpretation, our review is de novo. [Citation.] Insofar as it rests on consideration of the evidence adduced, we must draw all reasonable inferences in favor of the [indictment] [citations] and decide whether there is probable cause to hold the defendants to answer, i.e., whether the evidence is such that 'a

7

reasonable person could harbor a strong suspicion of the defendant's guilt . . . ' [citations]." (*Lexin v. Superior Court* (2010) 47 Cal.4th 1050, 1072; see *People v. Magee* (2011) 194 Cal.App.4th 178, 182-183 (*Magee*).)

In this context, the issue is not whether substantial evidence supports the trial court's ruling on the motion, but whether substantial evidence supports the grand jury's decision holding the defendants to answer the charges. (*People v. Davis* (2010) 184 Cal.App.4th 305, 311.) "Only the . . . grand jury . . . is permitted to weigh the evidence or judge credibility, and all presumptions on appeal are in favor of that decision." (*Ibid.*; see *Magee*, *supra*, 194 Cal.App.4th at pp. 182-183.)

   b.      *Analysis of the Propriety of the Order Striking/Dismissing the Racial Hatred Special Circumstance Allegation.*

Based on the governing review standards, despite the lack of evidence of an actual racial motivation for this crime (as the defense pointed out in its motion, the investigator testified that there was no indication of a racial motivation for the shooting), we look only to whether the grand jury had probable cause to return an indictment on the allegation. At the pre-grand jury preliminary hearing, there was a paucity of information regarding racial animus, limited to evidence that defendant informed another family member that the person he shot was black. Evidence obtained in the ongoing investigation into the crime opened the window for the jury to conclude the killing was motivated by the victim's race.

8

In this regard, there was ample evidence of defendant's hatred of African-Americans and his support for groups and individuals who advocate violence against members of racial or ethnic minority groups. Further, of the three (or more) persons who jumped on defendant's nephew, defendant only sought out Cole, the only African-American involved in the fight, to lure outside of the residence for a confrontation, where he was ambushed by defendant's gunfire. While this is by no means overwhelming evidence of racial animus, it is sufficient to pass muster under the deferential standard accorded to review of grand jury proceedings.

For this reason, we grant the writ. Insofar as this order renders the appeal in E079587, *People v. Zesk*, moot, we dismiss that appeal.

## DISPOSITION

The petition is granted and the order setting aside or vacating the special circumstances allegation is reversed. The appeal in *People v. Zesk,* E079587 will be dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

SLOUGH
J.

FIELDS
J.

9